FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 09 2009

Stephan Harris, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF WYOMING _____

UNITED STATES OF AMERICA

V.                   CRIMINAL COMPLAINT

**JAMES J. FRASER**              CASE NUMBER: 09-mj-203-J

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

**COUNT ONE**

On or about November 5, 2009, in **Laramie** County, in the District of Wyoming, the Defendant, **JAMES J. FRASER**, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, a .22 caliber rifle, bearing an unknown serial number, which had previously traveled in and affected interstate commerce

in violation of Title **18** United States Code, Section 922(g)(1) and Section 924(a)(2).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this complaint is based on the following facts:

1. Your Complainant has been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives since August 13, 2001, and at all times mentioned herein was acting in that official capacity.

Continued on the attached sheet and made a part hereof: _x_ Yes ___ No

_____
Signature of Complainant
Paul Claflin

Sworn to before me and subscribed in my presence,

August 20, 2004           at     Cheyenne, Wyoming
Date                                            City and State

Hon. Alan B. Johnson
United States District Judge      _____
Name & Title of Judicial Officer         Signature of Judicial Officer

## COUNT TWO

On or about November 5, 2009, in the District of Wyoming, the Defendant, **JAMES J. FRASER**, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, namely a number of rounds of .22 caliber long rifle bullets, which had previously traveled in and affected interstate commerce.

In violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(2).

2

## CONTINUATION OF STATEMENT
## IN SUPPORT OF CRIMINAL COMPLAINT
## (U.S. v. JAMES J. FRASER)

2.  Your Complainant knows, based upon his conversations with a number of investigators with the Cheyenne Police Department that on November 5, 2009, in the evening hours, Officers of the Cheyenne Police Department were dispatched to the scene of a shooting at 4607 Carmel, Cheyenne, Laramie County, Wyoming; the residence of James FRASER and Carrie Andrews. A short distance from the residence the body of a black male was found. The body was later identified as Milton Brown III. Brown was pronounced dead at the scene by the coroner. What appeared to be three gunshot wounds were visible in Brown's back and buttocks. A .380 caliber pistol was found in Brown's pocket. A subsequent autopsy performed by Dr. Pat Allen upon the remains of Milton Brown revealed that he died of multiple gunshot wounds inflicted by a .22 caliber firearm.

3.  On November 5, 2009, Cheyenne Police Officers executed a search warrant for the address of 4607 Carmel Drive. Officers found eight .22 caliber long rifle casings that appeared to be manufactured by CCI. The CCI 22 caliber shell casings were found near a couch in the living room.

4.  Your Complainant was informed by Detectives Meyrick and Edwards of the Cheyenne Police Department that they interviewed Wayne Fernandez on November 5, 2009. Fernandez admitted he had not been completely honest when he had been initially questioned about the shooting at 4607 Carmel and he then related substantially the following: FRASER initially contacted Fernandez and asked him to come to 4607 Carmel to retrieve his property due to a likely altercation with Milton Brown stemming from an earlier fight. Fearing possible danger, Fernandez brought his 9mm handgun with him to the residence. Upon arrival neither FRASER nor Andrews were there. Shortly thereafter, FRASER and Andrews arrived at the residence in a vehicle together. When FRASER

exited the vehicle he was walking with a noticeable limp. Andrews sarcastically told Fernandez that FRASER had injured his leg while winking her eye. (The implication being that FRASER was concealing a firearm.) After walking into the residence Fernandez observed FRASER remove a .22-caliber rifle from the inside of FRASER's pant leg. Fernandez stated that FRASER stated that if Brown wanted to threaten his family he would be ready.

5. Your Complainant was further informed by Meyrick and Edwards that moments later, Brown arrived at the scene and began to make threats from the front door of the residence. Fernandez hid away from the front door in a hallway leading to the bedrooms. FRASER, armed with the .22-caliber rifle, assumed a position behind the couch almost directly facing the front door. Fernandez heard the door open as Brown continued to make threats. Fernandez heard several gun shots that he recognized to be a .22 caliber emanating from inside the residence.

6. On November 9, 2009, FRASER came to the Cheyenne Police Department accompanied by his Attorney, Carol Serelson. Your Complainant observed and heard FRASER make a statement to Detectives of the Cheyenne Police Department concerning the shooting at his residence that occurred on November 5, 2009. FRASER was advised of and waived his Miranda Rights and stated substantially the following to Detective Meyrick and Detective Edwards. On November 5, 2009, Brown came to FRASER's residence and began discussing an on-going dispute that Brown was having with one of FRASER's friends. During the discussion, Brown became upset and a fight ensued between FRASER and Brown. After a physical fight, Brown left the residence and told FRASER that he would be back to kill FRASER and his family.

7. After Brown left, FRASER took his children to a family member's residence and while he was dropping off his children, he ran into a Mexican male who he knew as "Do Dirty." After

4

explaining the situation the unknown Mexican male retrieved a .22-caliber semi-automatic rifle from the trunk of his vehicle and gave it to FRASER.

8. According to his statement, FRASER returned to his residence and remained at the residence with Carrie Andrews and Wayne Fernandez, who had arrived to remove some electronics from FRASER's residence. FRASER took the newly acquired .22-caliber rifle and placed it on the rear porch of the residence, near the sliding glass door. After it was dark, Brown arrived at the residence with a firearm. FRASER grabbed the .22-caliber rifle from the rear porch and kneeled down behind the couch in the living room. After Brown opened the door and pointed a firearm at FRASER, FRASER shot Brown.

9. FRASER stated that he then fled the area, because he was a felon and knew he wasn't supposed to possess firearms. FRASER stated that he discarded the firearm in a lake in Cheyenne, Wyoming. After being confronted about obtaining the firearm from "Do Dirty," FRASER stated that he actually obtained the firearm from a different individual and then provided the firearm after the shooting incident to a person known by Complainant.

10. Applicant has received a certified Judgment and Sentence from the Laramie County District Court which indicates that on June 14, 2002 in the First Judicial District, State of Wyoming, James J. FRASER was convicted of Felony Possession of Cocaine and sentenced to three to five years at the Wyoming State Penitentiary, however the sentence was suspended.

11. Complainant knows based on training, experience and research that CCI Brand ammunition is not manufactured in the State of Wyoming and therefore traveled and affected interstate commerce prior to being in the possession of FRASER. Complainant also knows that .22-caliber semi-automatic rifles are not manufactured in the State of Wyoming and therefore traveled and

affected interstate commerce prior to being in the possession of FRASER.

**END OF STATEMENT**

# PENALTY SUMMARY

**DATE:**  November 9, 2009

**DEFENDANT NAME:**  JAMES J. FRASER

**VICTIM:**  No

**OFFENSE AND PENALTIES:**

| | | |
|---|---|---|
| OFFENSE: | Ct. 1: | **18 U.S.C. §§ 922(g)(1) and 924(a)(2)**<br>(Felon in Possession of a Firearm) |

PENALTIES:  0-10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

| | | |
|---|---|---|
| OFFENSE: | Ct. 2: | **18 U.S.C. §§ 922(g)(1) and 924(a)(2)**<br>(Felon in Possession of Ammunition) |

PENALTIES:  0-10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:**  0-20 YEARS IMPRISONMENT
$500,000 FINE
3 YEARS SUPERVISED RELEASE
$200 SPECIAL ASSESSMENT

**AGENT:**  Paul Claflin, ATF  **AUSA:**  James C. Anderson

**ESTIMATED TIME OF TRIAL:**  **INTERPRETER NEEDED:**

✓ five days or less  ___ Yes
___ over five days  ✓ No
___ other

**THE GOVERNMENT:**

✓ will

___ will not

___ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

**SEEK DETENTION IN THIS CASE.**